KNIGHT *et al. vs.* KNIGHT *et al.*

INJUNCTION, FROM FULTON. Administrators and Executors. Equity. Wills. Trusts and Trustees. Estates. Injunction. Receiver. (Before Judge Hammond.)

Hall, J.—If an administrator, *de bonis non*, holding trust funds and securities under the will of the decedent, which created certain trusts and left the residue of his estate over, sold some of the securities and loaned the funds, taking securities in his own name, but recognizing that he held them in trust, and died intestate in possession of them, they constituted no part of the assets belonging to his estate, and his

administrator, who had never been in actual possession, had no right to take charge of and administer them, and no creditor of his had any right to subject them to the payment of his demand as against one claiming under the will, unless such interest had been parted with. 15 Ga., 189, 192, 193; 17 Id., 449; 19 Id., 554; 33 Id., 525; Schouler, Admr's, §2051; 45 Me., 445; Schouler, §244; 4 Mason, C. C., 29.

2. Whether the trust as to the fund in dispute was express or implied, it seems to have been executed, and the person in whose favor it was declared, being fully capable of taking and manrging the property in her own right, and the legal title having merged into the equitable interest, and thus vested in her a perfect title, she may invoke the aid of a Court of Equity to put her in possession.

(a.) Wherever trust assets are misapplied and can be traced to the hands of a person affected with notice, the trust attaches and equity will aid in restoring them to their legitimate purpose. The beneficiary of a trust may follow the funds wherever they can be traced, and has the option of affirming or rejecting an unauthorized investment by the trustee. Code, §§2314, 3152.

3. Equity has full and peculiar jurisdiction, not only to preserve a trust estate, but to prevent its diversion from the true owner, and to see that it is applied to its legitimate purposes, by restraining the legal representative of a deceased trustee from taking possession of it and administering it as part of the assets of his intestate; but if this restraint will not afford ample protection to the rights of a beneficiary, then the court may go still further and take it into its custody, through a receiver, whenever there is danger of its destruction or loss, or where it is in litigation, and the rights of both parties can not be otherwise fully protected, or when there is no one to manage it. Code, §§3098, 274.

4. There was no abuse of discretion in granting an injunction and receiver in this case, in order to preserve the fund to its proper use pending the litigation, and to secure it for the party to whom it may be found to belong upon the final trial.

5. When the effects shall be turned over to the court, under its decretal order, if anything is found among them which does not properly pertain to the matter in dispute, then the court, by a modification of the order, if necessary, may direct its officer to deliver it to the temporary administrator.

Judgment affirmed.

Gartrell & Ladson; Broyles & Johnston, for plaintiffs in error.

Hoke & Burton Smith; W. D. Ellis, for defendants.